# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SCOTT E. LYTTON,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0264** (BOR Appeal No. 2053403)
(Claim No. 2018011289)

**AAA ASSOCIATES STAFFING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scott E. Lytton, by Counsel John H. Shumate Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review). AAA Associates Staffing, Inc., by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is the compensability of the claim. The claims administrator rejected the claim on November 15, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision in an Order dated September 10, 2018. This appeal arises from the Board of Review's Final Order dated February 25, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lytton was employed by AAA Associates Staffing, LLC, and assigned to work for Synergy Sand, LLC, as a heavy equipment mechanic and shop foreman. He worked there from March 19, 2017, through the date of his allegedly work-related injury. On October 2, 2017, he sustained an injury to his lower back and left lower extremity while bending over and pushing down contents of a trash can at the Synergy Sand Shop at Valley Grove, West Virginia. Mr. Lytton sought treatment at New River Family Health Center on October 3, 2017. An examination revealed lumbago with sciatica. An injection of Toradol and Kenalog was given. An MRI was planned.

1

On October 12, 2017, Mr. Lytton began treating at Pinnacle Chiropractic Health and Wellness, PLLC, for an acute onset of lumbopelvic pain with radiation into the left post glute and thigh and severe spasm of the left gluteal musculature and hamstrings. He underwent six chiropractic treatments. He underwent a lumbar MRI at Community Radiology on October 26, 2017, based on a referral from Pinnacle Chiropractic. The MRI revealed a small to moderate broad based central and left paracentral disc herniation at L5-S1 resulting in severe lateral recess compression and a 13 x 10 mm extruded disc fragment extending anteriorly from the L5-S1 disc space resulting in severe spinal stenosis. The MRI also gave an impression of severe left neural foraminal stenosis at the L5-S1 level from facet arthropathy and bulging stenosis. Due to the findings of the MRI, chiropractic treatment was stopped on October 27, 2017.

Mr. Lytton reported to the Emergency Department at Ruby Memorial Hospital on October 29, 2017, for further treatment based on Dr. Flint's advice. He reported that his pain had been waxing and waning but progressively worsening over time. He was referred to the WVU Spine Clinic for follow-up treatment.

Mr. Lytton completed a Report of Occupational Injury on October 29, 2017, stating he was injured on October 2, 2017, when he pushed down trash in a can. The physician's section was signed by Mr. Lytton. The name of the physician/hospital states WVU Ruby. The physician section does not indicate whether Mr. Lytton had an occupational injury or disease, and it reported no diagnosis.

AAA Associates Staffing, Inc., completed an Employer's Report of Occupational Injury on October 30, 2017. The report indicated that the injury was witnessed by Michael Kessinger, a supervisor for the employer. Mr. Kessinger completed a Supervisory Investigation Report on October 30, 2017. Mr. Kessinger stated that Mr. Lytton was going to take out the trash, and as he pushed down the trash into the can in order to tie up the bag, he fell to his knees. Mr. Kessinger stated that Mr. Lytton was able to return to work with light duty restrictions.

By letter dated October 31, 2017, the claims administrator reported that it had been notified that Mr. Lytton was injured and that his injury may have occurred in the course of his employment. Mr. Lytton was advised that the claims administrator would be collecting information to determine whether or not the injury should be covered by workers' compensation. He was instructed to complete an Employees' and Physicians' Report of Occupational Injury or Disease and return the application as soon as possible. A second letter was sent on October 31, 2017, which included a Report of Occupational Injury. The letter informed Mr. Lytton that if he failed to return the Report of Occupational Injury within ten days, his claim could be denied.

Mr. Lytton underwent a lumbar x-ray on November 2, 2017, which revealed mild degenerative changes of the lumbar spine with moderate loss of disc space height at L5-S1. Vertebral body height and alignment were found to be preserved. The x-ray revealed mild endplate degenerative changes at T12-L1 and L1-L2. The impression was mild degenerative changes. On November 3, 2017, Mr. Lytton underwent a left L5-S1 discectomy performed by John France. M.D. The surgical note stated that he woke up on October 2, 2017, with severe pain radiating

down his left leg after pushing some heavy equipment the day before. The postoperative diagnoses were left L5-S1 extruded herniated disc with cauda equine syndrome.

On November 6, 2017, the claims administrator sent a letter to Mr. Lytton requesting that he contact their office as soon as possible as they had been unable to contact him. By Order dated November 15, 2017, the claim was denied because an investigation of the circumstances and events found sufficient inconsistencies and contradictions to conclude that Mr. Lytton was not injured in the course of and as a result of his employment. The claims administrator also listed a reason for denial as Mr. Lytton's failure to comply with the claim investigation. Mr. Lytton protested the claims administrator's decision. On November 30, 2017, the claims administrator sent correspondence to the wrong address.

Mr. Lytton testified at an evidentiary hearing held on April 10, 2018, that on the alleged date of injury, he experienced immediate low back and left leg pain. The left lower extremity pain extended to his toes. He did not experience radicular symptoms in the right lower extremity. He testified that the injury was witnessed by Mr. Kessinger, who completed an incident report the following day. He testified that he was assigned light duty desk work through the time of his surgery. Mr. Lytton testified that he has constant left lower extremity numbness, extending down to half of his left foot into his left toes. He also testified that the claims administrator had his address incorrectly listed in his file.

Jonathan Luchs, M.D., performed a May 9, 2018, Age of Analysis review of Mr. Lytton's October 26, 2017, lumbar MRI. Dr. Luchs stated that he observed "no evidence for annular tear to suggest acute disc herniation. The disc herniation with extrusion was superimposed upon prominent degenerative changes at the L5-S1 disc, which puts the disc at risk for disc herniation and extrusion." Dr. Luchs concluded that the MRI of Mr. Lytton's lumbar spine, performed twenty-five days after the alleged injury, demonstrates degenerative disc disease and degenerative arthroscopy, all of which is chronic. There was no evidence to suggest the herniation was acute.

On September 10, 2018, the Office of Judges concluded that the preponderance of the evidence does not support a finding that Mr. Lytton sustained an injury in the course of and as a result of his employment on October 2, 2017. The Office of Judges reasoned that the only firm diagnosis within the medical records was given by Dr. France, who diagnosed Mr. Lytton with a left L5-S1 extruded herniated disc with cauda equine syndrome. However, the Office of Judges found that the findings of Dr. France, as well as the other medical records in the claim, do not give an opinion regarding causation. The Office of Judges further reasoned that Mr. Lytton's case is analogous to *Stiltner v. West Virginia Office of Insurance Commissioner and Sara Lee,* No. 10-1564 (W. Va. Supreme Court, June 18, 2012) (memorandum decision), where this Court upheld a claims administrator's order denying compensability of the claim. The Court found that an injury such as the one alleged is the type of injury for which a proffer of medical evidence is necessary to establish that the medical condition resulted from employment. Because Mr. Lytton offered no evidence of causation, the Office of Judges concluded that he did not prove by a preponderance of the evidence that he sustained an injury in the course of and as a result of his employment on October 2, 2017. The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the rejection of the claim in an Order dated on February 25, 2019.

After review, we agree with the decision of the Board of Review. The evidentiary record establishes that Mr. Lytton has a history of back pain with sciatica. Furthermore, none of the medical records provide an opinion that the injury complained of occurred as a result of and in the course of Mr. Lytton's employment on October 2, 2017.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4